# Frank Rumszas, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.

## Gen. No. 20,821. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the February term, 1915. Reversed with finding of fact. Opinion filed December 21, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action of trespass by Frank Rumszas, plaintiff, against the Chicago, Rock Island and Pacific Railway Company, defendant, to recover for personal injuries alleged to have been sustained by plaintiff as a result of an assault committed on plaintiff by an employee of defendant. From a judgment for plaintiff for $1,000, defendant appeals.

The alleged assault occurred on April 21, 1911. Defendant introduced in evidence a paper purporting to be a general release under seal, executed by plaintiff for $36, on May 2, 1911, and also introduced a draft, of the same date, payable to the order of plaintiff for $36, which draft on its face recites: "For personal injuries received at Chicago, Illinois, on April 21, 1911." The alleged release recites that plaintiff released defendant from all liability, for all claims for injuries, etc., plaintiff acknowledging therein full satisfaction.

The plaintiff contended that he was induced, by agents of the defendant, by trick or fraud, to sign said release under the belief that it was a receipt for money in payment of wages due him at the time of the happening of the injuries complained of. The plaintiff at the time of the said assault was in the employ of the defendant as a car cleaner.

The plaintiff testified that he could not read English; that the paper constituting the purported release was presented to him by two agents of the company at the hospital, but was not read to him before he signed it; that "Mr. Shaw (one of the defendant's agents) took a pencil and say 'Sign your name on the paper,' and I signed that, and he has a check for me and he gave me that check, and the two men put the paper in their pocket. He said that is a good thing, you get wages in pay for it, don't lose that. * * * The paper (the check) they gave me I kept it one day, and then * * *

Rumszas v. Chicago R. I. & P. Ry. Co., 196 Ill. App. 41.

I gave it to my wife. * * * I do not know what a release is. * * * At the time I signed the release I thought it was for wages I had coming. * * * At the time I was injured I had twenty-one days coming, and I thought that the check that Emmick gave me was for that money. After while I got the money I had coming for the twenty-one days * * * ." The plaintiff, in part, testified through an interpreter.

Within a few days following the execution by plaintiff of said release and before he cashed said draft, he admitted that he was informed by Dr. Schultze, of the hospital, that he had signed a release "for his injuries." He subsequently was paid by defendant the amount due him as wages for said twenty-one days. The check or draft given him May 2, 1911, when he signed such release, charged plaintiff with notice that it was given to and accepted by him in settlement of his claim. The draft is on a printed form with the following words legibly written on its face: "For personal injuries received at Chicago, April 21, 1911," and was not cashed until May 10, 1911. The proceeds of such draft were retained by him, and no offer was ever made by plaintiff to return, to the defendant, the money thus received.

It appeared that defendant's agent visited plaintiff at the hospital where plaintiff was taken after receiving the injuries sought to be recovered for, where the release was signed and the draft in question delivered. It did not appear that plaintiff was informed by the agent that the release was a receipt for money due plaintiff for wages.

M. L. Bell and A. B. Enoch, for appellant.

Earl J. Walker, for appellee.

Mr. Justice McGoorty delivered the opinion of the court.

Rumszas v. Chicago R. I. & P. Ry. Co., 196 Ill. App. 41.

## Abstract of the Decision.

1. RELEASE, § 24*—*when burden on plaintiff to show fraud in procurement of release.* Where the defense to an action is grounded on a release under seal, plaintiff has the burden of showing fraud in the procurement of such release, since a release cannot be avoided at law except for fraud in its execution.

2. RELEASE, § 18*—*when one signing release chargeable with notice that draft intended as settlement.* In an action to recover for personal injuries alleged to have been sustained as a result of an assault committed on plaintiff by an employee of defendant, where at the time of signing a release under seal plaintiff was not informed that the paper he signed was a release, but, in consideration of signing such release, plaintiff was given a draft payable to the order of plaintiff, on the face of which was legibly written: "For personal injuries received at Chicago, April 21, 1911," plaintiff *held* chargeable with notice that such draft was given and accepted in settlement of his claim, it appearing that before the draft was cashed plaintiff was informed that the paper he signed was a release of his claim for damages, it also appearing that after cashing the draft plaintiff retained its proceeds without making an offer to return such proceeds to defendant.

3. RELEASE, § 8*—*what fraud will avoid release.* In order to avoid a release given in settlement of a claim on the ground of fraud without returning or offering to return the money paid to secure the release, the fraud relied on must be an actual, intended fraud.

4. RELEASE, § 27*—*when evidence sufficient to show ratification of settlement.* In an action of trespass to recover for personal injuries alleged to have been sustained by plaintiff as a result of an assault committed on plaintiff by an employee of defendant, where the defense was grounded on a release under seal executed by plaintiff, and although there was no evidence that at the time of signing such release plaintiff knew that it was such, it appearing that plaintiff received and cashed a draft payable to his order showing on its face that such draft was given in settlement of the claim for which the release was asked, and that plaintiff retained the proceeds of such draft without an offer to return them to defendant, *held* that the evidence showed that plaintiff ratified the settlement.

5. RELEASE, § 27*—*when evidence sufficient to show lack of fraud in procurement of release.* In an action of trespass to recover for personal injuries alleged to have been sustained by plaintiff as a result of an assault committed on plaintiff by an employee of defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant, where the defense was grounded on a release under seal executed by plaintiff, which release was alleged to have been procured by fraud, evidence *held* to show that no fraud was practiced in procuring the release.